BEARD v. GULF, C. & S. F. RY. CO.

(Court of Civil Appeals of Texas. Texarkana. Oct. 30, 1913.)

1. LIMITATION OF ACTIONS (§ 28*)—LIMITATION APPLICABLE—IMPLIED CONTRACTS.

Where a former station agent of a railroad company on March 31, 1905, brought suit to recover money paid out by him for additional help at his station, and pay for overtime work, so much of these claims as accrued on and prior to March 31, 1903, was barred by the limitation of two years.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 134, 135, 142; Dec. Dig. § 28.*]

2. MASTER AND SERVANT (§ 73*)—CONTRACTS OF EMPLOYMENT—BREACH BY EMPLOYER—DAMAGES.

Where a railway station agent whose employment was determinable by either party at will voluntarily resigned his position because of the company's failure to furnish him additional help necessary to perform the increased business at the station, as it had agreed to do, and no other loss or injury than the loss of his position had been sustained by him, he could not recover damages for such failure to provide such additional help, since, having voluntarily resigned, he was not entitled further to the pay of his position.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. § 73.*]

3. LIBEL AND SLANDER (§ 85*)—ACTIONS—PETITION—SUFFICIENCY.

In an action against a railway company by a former station agent, the petition filed January 6, 1909, alleged that plaintiff quit defendant's service in March, 1904, that he had been denied employment in any railroad company whatever, though he had often made application therefor, on account of defendant intentionally and purposely depriving him of his good name and his right to pursue his ordinary occupation, by circulating and maintaining, among all the railroad companies in the United States and especially those in Texas, a report that he was unworthy of employment and incompetent, that it had caused his name to be blacklisted by printing or otherwise transcribing it in a list of persons claimed to be unworthy and incompetent, and that defendant had caused such report and black list to be circulated immediately after plaintiff quit its services and from time to time thereafter up to "the present time." *Held*, that the indefiniteness in respect to the extent and date of the circulation of such report and black list did

not render the petition insufficient as against a general demurrer.

[Ed. Note.—For other cases, see Libel and Slander, Cent. Dig. §§ 201–204; Dec. Dig. § 85.*]

4. LIMITATION OF ACTIONS (§ 180*)—ACTIONS—PETITION—SUFFICIENCY.

Such petition was not demurrable as showing on its face that the cause of action alleged was barred by limitation, as a plea of limitation might be overcome by proof that within the statutory period before filing suit defendant had circulated or published the libel or black list with some particular railroad company.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675, 681; Dec. Dig. § 180.*]

5. LIMITATION OF ACTIONS (§ 180*)—PLEADING—DEMURRER OR PLEA.

Where plaintiff's petition does not show on its face that the action is barred, the defense of limitation must be presented by plea and not by exception.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 670–675, 681; Dec. Dig. § 180.*]

Appeal from District Court, San Augustine County; W. B. Powell, Judge.

Action by H. C. Beard against the Gulf, Colorado & Sante Fé Railway Company. From a judgment dismissing the action, plaintiff appeals. Reversed and remanded.

W. T. Davis, of San Augustine, and D. M. Short & Sons, of Center, for appellant. F. J. & C. T. Duff, of Beaumont, A. E. & S. M. Davis, of San Augustine, and Terry, Cavin & Mills, of Galveston, for appellee.

LEVY, J. By the petition plaintiff sued the railway company for: (1) $20 per month from October 5, 1902, until March 1, 1904, as money paid out by plaintiff for additional help in having the United States mail delivered from the depot to the post office at San Augustine; and (2) for $38.85 as paid by plaintiff for the hire of several persons to assist in work done for the company; and (3) $275 for overtime work, at 25 cents per hour, done by plaintiff from February, 1903, until February, 1904, and claimed to be due under contract of employment with appellant; and (4) $1,000 damages for alleged wrongful failure to furnish help in the conduct of the business of the station, and thus impelling plaintiff to resign his employment as station agent; and (5) $10,000 damages for alleged libel or blacklisting. The court sustained the special demurrers to the several allegations of damages, except the second ground above, which brought the amount below the jurisdiction of the court, and the suit was dismissed. The appeal is to revise the ruling of the court on the special demurrers.

[1] The special demurrer set out in the second assignment of error is directed to the claim for the item mentioned in paragraph 1 above, as being incurred without authority to employ or pay for additional help, and that such claim, if any, appears on the face of the petition as barred by the statute of limitation of two years. It does not appear from the petition that appellant had authority to hire additional help to carry the mail, or, by giving proper effect to the pleading, that appellant acted in the hiring within the scope of his authority. Railway Company v. Allen, 42 Tex. Civ. App. 576, 94 S. W. 417; 1 Elliott on Railways, § 303. And if authority to hire the alleged additional help to deliver the mail had been shown in appellant, it would nevertheless appear on the face of the pleading that any claim for the monthly employment from October 5, 1902, until March 30, 1903, inclusive, was barred by limitation of two years. The suit was begun March 31, 1905. And if appellant was due pay at 25 cents per hour for overtime work, claimed in paragraph 3 above as a part of the alleged contract of his employment, all that part of such claim accruing in February and to March 30, 1903, was barred by limitation of two years, as claimed in the special demurrer set out in the sixth assignment. Consequently all the items remaining in the several alleged claims for personal service and reimbursement not barred by limitation are in aggregate amount below, as the court held, the jurisdiction of the district court.

[2] The special demurrer made the basis of the fifth assignment of error is directed to the third paragraph of the petition, seeking to recover damages in the sum of $1,000. In effect it is alleged that at the time the appellant was employed as station agent it was agreed by the company to give appellant such additional help as was necessary to perform increased business at the station, and such business so increased at the station as to make it burdensome and impossible for appellant to attend to it, and appellee failed to provide the additional help after demand made for it, and because thereof appellant resigned his position. Any other loss or injury to appellant than the pay of his position is not made to appear. There was no fixed term of service, and the employment was determinable by either party at will; and, appellant having voluntarily resigned his position, he would not, after such resignation, be entitled further to the pay of his position. The demurrer was properly sustained.

[3, 4] The special demurrer of limitation, set out in the seventh assignment, was directed to the fourth paragraph of the petition the case was tried on, which predicates damages upon alleged libel or blacklisting. The original petition, filed March 31, 1905, did not seek damages for nor plead defamation of character, and it was first made the basis of suit in the first-amended petition, filed January 6, 1909. Appellant, as he alleged, quit the service of appellee in March, 1904. According to the allegations of paragraph 4 of the petition the appellant has suffered actual

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

damages: (1) By being "denied employment in any railroad company whatever, though he has often made application to them therefor"; (2) on account of being "by the defendant intentionally and purposely deprived of his good name and his right to pursue his ordinary occupation without interference from others, and the privilege to enjoy the benefits, advantages, and value of his training and experience without impairment, and to receive the full compensation legitimately belonging .to him by reason of his experience and trustworthiness in the service of the railroads of the country"; (3) by means of the appellee causing "to be circulated and maintained among all the railroad companies in the United States, and especially those doing business in Texas, a report to the effect that the plaintiff was and is unworthy to be employed in the service of said railway companies, and incompetent to discharge the duties as agent of said companies, and has caused plaintiff's name to be blacklisted, that is to say to be printed, written, and otherwise transcribed in a list of persons claimed as unworthy to be employed by said railway companies and incompetent to act as agent for said railway companies"; and (4) that the appellee caused the report and black list to be circulated "immediately after the plaintiff quit its service, as aforesaid, on the date aforesaid, and from time to time thereafter and up to the present time." We assume that the pleading under consideration sufficiently stated a cause· of action, and undertake to determine only the question of whether the pleading on its face should properly be determined on demurrer as barred by the statutes of limitation. According to the petition, as seen, the appellant failed to secure employment with any railway company, though application was made to all of them, as the result of the alleged circulated libel or blacklisting. And the petition does not give or attempt to give the names of the railway companies, nor does it specify any particular railway company with which the alleged libel or blacklisting was circulated or published. And the petition does not with exactness state the time when the circulation or publication was made to the railway companies, but a continuing time of circulation or publication is stated as "immediately after the plaintiff quit its service, and from time to time thereafter and up to the present time." Looking, therefore, to the facts pleaded, the particular "libel or blacklisting" sued on and alleged to have caused the damages was circulated or published by appellee to "all the railroad companies in the United States, and especially those doing business in Texas," between the time appellant quit the service in March, 1904, and the time of filing the action thereon in January, 1909. The language of the petition is general enough to give much latitude to proof of circulation or publication and the time thereof to each railway company. Of course indefiniteness on the part of the petition in respect to extent and date of circulation did not render it insufficient as against a general demurrer. Therefore it could be said to appear from the allegations of the petition that though a circulation or publication of the alleged libel or blacklisting to some particular railway companies may have occurred above the statutory period of limitation before filing suit in 1909, still a plea of limitation may be overcome by proof that appellee, within the statutory period before filing suit, circulated or published the libel or blacklisting declared on with some particular railway company.

[5] Where the plaintiff's petition does not show on its face that the action is barred, the defense of limitation must be presented by plea, and not interposed by exception. Tinsley v. Penniman, 8 Tex. Civ. App. 495, 29 S. W. 175. The court erred in sustaining the special demurrer of limitation.

The judgment is reversed, and the cause remanded.